Opinion issued May 19, 2009











 
 

In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-09-00188-CR
____________

IN RE LORENZO RUBIO QUINTERO, Relator




Original Proceeding on Petition for Writ of Mandamus



 
MEMORANDUM OPINION
          Relator, Lorenzo Rubio Quintero, has filed in this Court a petition for writ of
mandamus, requesting that this Court order respondent, Harris County District Clerk



“to disclose and produce the pre-sentence investigation (PSI) report filed in relator’s
criminal case cause number 741722.” Relator states that he was convicted in cause
number 741722 of the offense of aggravated sexual assault, and following a pre-sentence investigation was sentenced, on October 30, 1997, to confinement for 40
years.
          This Court has mandamus jurisdiction over a district court judge or county
court judge in our district, and all writs necessary to enforce our jurisdiction. See
Tex. Gov’t Code Ann. § 22.221(b) (Vernon 2008). We do not have authority to
issue a writ of mandamus against a district clerk unless such is necessary to enforce
our jurisdiction. In re Coronado, 980 S.W.2d 691, 692 (Tex. App.—San Antonio
1998, orig. proceeding). This is because jurisdiction to grant post-conviction habeas
corpus relief in felony cases rests exclusively with the Texas Court of Criminal
Appeals. Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (Vernon Supp. 2008); Board
of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth District, 910
S.W.2d 481, 483 (Tex. Crim. App. 1995). 
          Therefore, because the matter raised in relator’s petition does not affect our
jurisdiction, we must deny the petition.
          The petition for writ of mandamus is denied. 
          Any pending motions are denied.
PER CURIAM
Panel consists of Chief Justice Radack, and Justices Taft and Sharp.
Do not publish. Tex. R. App. P. 47.2(b).